The opinion of the Court was delivered by
Gantt, J.
The principle of law involved in the consideration of those cases being the same, it will supersede the necessity of separate opinions.
The clause in the Act of 1785,[1] under which the first mentioned attachment was taken out, is in the following’ words : “ It shall be lawful for any justice of the peace, upon complaint to him made upon oath, by any person, that his debtor is removing out of the county privately, or absconds and conceals himself, so that the ordinary process of law cannot be served upon him, to grant an attachment against the estate of such debtor,” &o. 1 Brev. Dig. 39. Grimke’s P. L. 367-8. The latter attachment was taken out under another clause of the Act, which declares, that “ It shall be lawful for any creditor to go before any justice of the peace for the county where his debtor resides, and make oath how much is justly due to him, and that he hath just grounds to suspect, and verily believes that such debtor intends to remove his effects ; and thereupon such justice shall issue an attachment against the estate of stick debtor,”[2] &c. 1 Brev. Dig. 40. P. L. 368. A proviso in the Act, common to both, is this: “ Provided always, That all attachments shall be repleviable by appearance, and putting in special bail, if by the Court ruled so to do, or by giving bond with good security to the sheriff or other officer serving the same, which bond the sheriff or other officer is hereby empowered and required to take, to appear at the Court *to which such at-•J tachment shall be returnable, and to abide by and perform the order and judgment of such Qourt.”[3] 1 Brev. Dig. 39. In both cases it is the oath of the plaintiff which entitles him to the remedy by attachment. A remedy prescribed by the Act in question, and which in every case depends entirely upon the convictions which rest upon the mind of the plaintiff himself. It is a facile but coercive remedy given to plaintiffs to compel the appearance of debtors in Court; and however harsh the remedy may appear, yet having the sanction of the law on its side, it is not in the power of a Court to dispense with its efficacy.
The defendant is permitted to supersede the attachment by pursuing the mode prescribed by the Act; and this may be effected with the same ease and convenience, as the putting in of bail, in a case where it is *449 required. If the oath has been false and corrupt, the party guilty of it may be indicted for perjury. If conscientiously and honestly taken, there is no power in the Court to set the attachment aside by motion. And the defendant for any illegality of proceeding has his remedy upon the bond which the Act enjoins to be given by the plaintiff.
Bowie and Levy, for the motion. M’Duffie and Earle, contra.
An attachment can only be considered in the light of a suit or action at law, and like all other legal remedies, its want of propriety or efficacy must be made to appear in a regular course of pleading. A short hand method of quashing, by motion, a remedy given by law would place in the hands of the Court a dangerous power; the exercise of which would be as odious to the community as it would be troublesome to the judge. Let it be once established, that the defendant may quash the attachment which bas been issued, by the abduction of affidavits before a judge, and the influence of the principle would be attended with the worst of consequences. Oaths upon oaths taken in the heat of passion and effervescence of the moment,, would soon become the order of the day; and perjuries innumerable would probably grow out of the indulgence. But considered in the light of an action *at law, why is .it to be con- r^ioq tradistinguished from all other remedies for the redress of injuries ? *- It is not pretended that the Court have a power in these to try the merits of the case upon motion. And the reason holds equally strong in the remedy by attachment, why the Court should not interfere, and cut up by the roots a remedy which the wisdom of the Legislature has prescribed ; one convenient in its nature, and where special care has been taken that the party pursuing it shall place the defendant upon a footing of security, as to any injurious consequence which may result from' any illegality in the proceeding. With these views of the subject, the Court adjudge, that the decision made in the case of Havis v. Trapp, was legal and proper, and the motion to reverse it is refused. In the case of Grisham v. Deale, the decision is reversed, and the case ordered to be restored to the docket for a legal hearing. .
Colcocic, Rott, Richardson and Johnson, JJ., concurred.
4 Strob. 292; 4 Rich. 563; 10 Rich. 15 ; 1 MoC. 511; Chev. 5 ; 1 McMul. 461; Post. 324.

 7 Stat. 263, § 4.

 § 6.

 § 4.